UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CIVIL CASE NO.: 1:25-cv-21761

MEIDAN ZHU

    Plaintiff,

vs.

MSC CRUISES S.A.

    Defendant.

_____/

## PLAINTIFF'S COMPLAINT
## (JURY TRIAL REQUESTED)

Plaintiff, MEIDAN ZHU, hereby sues Defendant, MSC CRUISES S.A., and alleges:

### PARTIES, JURISDICTION AND VENUE

1.    Plaintiff is a citizen of the United States.

2.    Plaintiff is a resident of the State of Pennsylvania.

3.    Defendant, MSC CRUISES S.A. (hereinafter "MSC CRUISES") is a foreign corporation incorporated under the laws of Switzerland.

4.    Defendant, MSC CRUISES', principal place of business is in Genevea (Switzerland).

5.    This case arises out of a slip and fall incident on a cruise ship where the amount in controversy exceeds $75,000.00 exclusive of interest and cost.

6.    This case falls within this Court's Diversity Jurisdiction because Plaintiff and Defendant, MSC cruises, are diverse citizens and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. The district courts have jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of

1

interest and costs, and is between . . . "citizens of a state and citizens or subjects of a foreign state . . . ." 28 U.S. Code § 1332(a)(2).

7.    Alternatively, this case falls within this Court's admiralty jurisdiction because this is a civil action that arises from a slip and fall incident that occurred at sea on navigable waters. The district courts have jurisdiction of "[a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S. Code § 1333.

8.    This Court has *in personam* jurisdiction over Defendant, MSC CRUISES, because Defendant, MSC CRUISES, has a registered agent in Florida to accept service of process; it conducts business and engages in substantial activity in Florida and has had significant contacts with the State of Florida as a result of its cruise ships traveling to and from ports throughout Florida; and it operates its cruise ships in the waters in and around Florida.

9.    Venue is proper in the Southern District of Florida because the passenger ticket Defendant, MSC CRUISES, sold Plaintiff for the subject voyage was subject to a ticket contract governing the subject voyage (the "Ticket Contract"), which contained a forum-selection clause within Section 26 of the Ticket Contract that read as follows:

> For all Cruise Packages where the Cruise portion of the itinerary includes any port in the USA or which embarks or disembarks in the USA (USA Voyages), the general maritime law of the United States shall apply supplemented by Florida state law on the subject of dramshop (alcohol) liability (Florida Statutes 786.125). Should any dispute of any kind or nature whatsoever arise between Passenger and the Company or Carrier, including but not limited to disputes regarding the interpretation or application of the present contract, or claims for loss, injury, death or damage, such matters shall be resolved exclusively by the United States District Court for the Southern District of Florida, or if such court lacks jurisdiction, then by a court of competent jurisdiction in Ft. Lauderdale, to the exclusion of any other court, venue or jurisdiction.[1]

---

[1] A copy of the Ticket Contract is attached hereto as Exhibit "1."

10.     Plaintiff has performed and satisfied all conditions precedent to be performed by Plaintiff prior to the filing of this Complaint or the conditions have already occurred and/or been waived.

**GENERAL ALLEGATION COMMON TO ALL COUNTS**

11.     Plaintiff re-alleges and reavers the preliminary allegation contained in paragraphs 1-10 as though fully set forth herein.

12.     On or about May 28, 2024, Plaintiff was a fare-paying passenger aboard the MSC *Meraviglia* (hereinafter the "CRUISE SHIP"), which departed from New York, United States.

13.     Defendant, MSC CRUISES, owned and operated the CRUISE SHIP.

14.     On or about May 28, 2024, Plaintiff was a walking near the elevators outside the Marketplace Buffet area on Deck 15 on the CRUISE SHIP (hereinafter the "Subject Area).

15.     On or about May 28, 2024, there was also a swimming Pool located on Deck 15.

16.     On or about May 28, 2024, Passengers are permitted to traverse through the Subject Area to get to the Marketplace Buffet, to use the swimming Pool and to also use the elevator on Deck 15.

17.     On or about May 28, 2024, the CRUISE SHIP crew members traverse throughout the Subject Area, which includes the Marketplace Buffet and to and from the swimming pool on Deck 15.

18.     Unbeknownst to Plaintiff, the Subject Area, contained water, alcohol, soda or some other slippery and transitory foreign substance, which presented a slip hazard to passengers traversing throughout the subject Area (hereinafter the "Substance").

19.     As plaintiff was walking in the Subject Area, Plaintiff's footwear, and/or foot came into contact with the Substance, which caused her to slip and fall on the hard flooring in the Subject Area.

20. Plaintiff was occupying the status of a business invitee of Defendant, MSC CRUISES, at the time she slipped and fell in the Subject Area.

**COUNT I**
**NEGLIGENT FAILURE TO MAINTAIN PREMISES IN A SAFE CONDITION**
**(JURY TRIAL REQUESTED)**

21. Plaintiff re-alleges and re-avers the preliminary allegations contained in paragraphs 1-20 as though fully set forth herein.

22. At the subject time and place, Defendant, MSC CRUISES, via its agents/employees, owed Plaintiff a duty of reasonable care under the circumstances.

23. At the subject time and place, Defendant MSC CRUISES, via its agents/employees, breached its duty of care in one or more of the following ways, which caused Plaintiff to suffer serious personal injury when she slipped and fell on the hard floor in the Subject Area:

    a. Defendant, MSC CRUISES, failed to maintain the Subject Area in a safe condition free from any transitory foreign substances that presented a slip hazard to passengers, including Plaintiff; and/or

    b. Defendant, MSC CRUISES, placed or caused the Substance to exist in the Subject Area; and/or

    c. Defendant, MSC CRUISES, allowed the Substance to sit and pool on a walking surface that Defendant, MSC CRUISES, knew or should have known is frequently traversed by passengers, when Defendant, MSC CRUISES, could have easily squeegeed/mopped the floor or taken other simple steps to remove the Substance; and/or

    d. Defendant MSC CRUISES, failed to dry the walking surface of the Subject Area; and/or

    e. Defendant, MSC CRUISES, failed to adequately inspect the Subject

4

Area for water and/or other slippery substances to ensure the safety of its passengers, including, but not limited to, Plaintiff; and/or

f. Defendant, MSC CRUISES, failed to properly maintain a section of the floor to ensure the Substance was properly removed from the Subject Area; and/or

g. Knowing that water or other liquids would likely remain or pool in Subject Area in the absence of a drain, Defendant, MSC CRUISES, failed to take adequate steps to ensure that the walking surface in the Subject Area was slip-resistant.

24. Defendant, MSC CRUISES, via its agents/employees, was on constructive prior notice of the presence of the Substance in the Subject Area because the Substance was had foot prints/track marks, and the only reasonable inference that could be drawn was that the Substance had foot print/track marks because it was in existence for such a length of time that other passengers and/or agents/employees of Defendant, MSC CRUISES repeatedly traversed over the Substance while traversing throughout the Subject Area over an extended period of time. The dangerous condition (the Substance) existed for such a length of time that, in the exercise of ordinary care, Defendant, MSC CRUISES, should have known of the dangerous condition (the Substance).

25. Defendant, MSC CRUISES, breached its duty to Plaintiff and placed or allowed the Substance to exist on the floor in the Subject Area, which caused Plaintiff to fall and suffer injuries.

26. As a result of Defendant, MSC CRUISES's, negligence, Plaintiff suffered bodily injury and resulting pain and suffering, disability, physical impairment, disfigurement, mental

anguish, inconvenience, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

27.     Plaintiff request a trial by jury for Count I.

## COUNT II
## NEGLIGENT FAILURE TO WARN
## (JURY TRIAL REQUESTED)

28.     Plaintiff re-alleges and re-avers the preliminary allegations contained in paragraph 1-20 as though fully set forth herein.

29.     Defendant, MSC CRUISES, via its agents/employees, was on constructive prior notice of the presence of the Substance in the Subject Area because the Substance had foot prints/track marks, and the only reasonable inference that could be drawn was that the Substance had foot prints/track marks because it was in existence for such a length of time that other passengers and/or agents/employees of Defendant, MSC CRUISES repeatedly traversed over the Substance while traversing throughout the Subject Area over an extended period of time. The dangerous condition (the Substance) existed for such a length of time that, in the exercise of ordinary care, Defendant, MSC CRUISES, should have known of the dangerous condition (the Substance).

30.     The Substance on the floor in the Subject Area was latent and not readily apparent to passengers, including, but not limited to, Plaintiff because of its somewhat clear coloration that blended in with the floor in the Subject Area.

31.     As a result of the constructive knowledge that Defendant, MSC CRUISES, had of the hazards described in paragraphs 29-30, Defendant, MSC CRUISES, had a duty to warn invitees like Plaintiff that the Substance was on the floor in the Subject Area.

32.     Defendant, MSC CRUISES, via its agents/employees, breached its duty to warn Plaintiff in one or more of the following ways:

    a.     Defendant, MSC CRUISES, failed to restrict access to the Subject Area until such time that the Substance was remediated or removed; and/or

    b.     Defendant, MSC CRUISES failed to erect warning devices on or around the Subject Area to warn patrons, including the Plaintiff, of the wet, slippery, and dangerous conditions that existed on the floor in the Subject Area due to the Substance; and/or

    c.     Defendant, MSC CRUISES, failed to place conspicuous signage on or around the Subject Area advising invitees like Plaintiff that the floor in the Subject Area was wet, slippery, and dangerous due to the Substance.

33.     Defendant, MSC CRUISES', failure to warn Plaintiff of the hazards present on the floor in the Subject Area due to the Substance caused her to fall and suffer injuries.

34.     As a result of Defendant, MSC CRUISES's, negligence, Plaintiff suffered bodily injury and resulting pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

35.     Plaintiff requests trial by jury for Count II.

WHEREFORE, Plaintiff demands judgment against Defendant, MSC Cruises, on all counts and issues triable; demands cost; and requests a jury trial.

Date: April 17, 2025.

Respectfully Submitted,

**STEINLAW, P.A.**

Attorneys for Plaintiff
20801 Biscayne Blvd., Suite 400
Aventura, Florida 33180
Tel.: (786) 230-3819

By: /s/ Jason R. Brenner
**JASON R. BRENNER, ESQ.**
Florida Bar No.: 86731
jbrenner@steinlaw.com
**DENZIL A. BLACKWOOD, ESQ.**
Florida Bar No.: 1031629
dblackwood@steinlaw.com
kreyes@steinlaw.com

8